UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                    :
REUBEN B. STRUNK                          :    Case No. 07-20758REF
and SHELLY ANN STRUNK,                    :    Chapter 7
        Debtors                           :

## MEMORANDUM OPINION

Before me for disposition is the Chapter 7 Trustee's Motion for Reconsideration of my November 6, 2007 Order granting Debtors' Motion To Dismiss their chapter 7 case.[1] I held no evidentiary hearings on either Debtors' Motion To Dismiss or the Chapter 7 Trustee's Motion for Reconsideration. Instead, the record before me is based upon the parties' oral stipulation of facts, which was placed on the record during the October 9, 2007 hearing on Debtors' Motion To Dismiss. The stipulated facts follow.

    (1) Debtors voluntarily filed their chapter 7 petition.

    (2) Debtors voluntarily filed the motion to dismiss their chapter 7 petition.

    (3) Debtors do not plan to refile a chapter 7 petition.

    (4) Creditors will retain all rights afforded to them against Debtors in the state court system if Debtors dismiss their chapter 7 petition.

    (5) Debtors will continue to pay all debts that are presently secured by a

---

[1] The pleading actually filed by Debtors was titled "Withdrawal of Chapter 7 Bankruptcy Petition." As I explained in footnote 1 of my November 6, 2007 Order, no such pleading is recognized by the Federal Rules of Bankruptcy Procedure or this Court's Local Bankruptcy Rules, and I therefore construed Debtors' pleading as a Motion To Dismiss their chapter 7 case under 11 U.S.C. §707(a).

lien.

(6) Debtors are willing to enter into a reasonable plan to repay their debts.

(7) The Chapter 7 Trustee will attempt to sell the real property located at 407 Snik Drive, Upper Mt. Bethel Township, PA, that is co-owned by Debtors and a third party, Kelly A. Steinmetz ("Ms. Steinmetz"), if this case remains in chapter 7.

(8) If the Chapter 7 Trustee's sale of the real property is approved, the non-Debtor, Ms. Steinmetz, will lose her home.[2]

(9) The Chapter 7 Trustee has preliminarily determined that Debtors' interest in the real estate, if liquidated, would lead to a sale price with net proceeds in excess of the value of Debtors' exemptions, which excess would be available for creditors of Debtors' bankruptcy estate.

(10) Debtors did not complete a financial management program.[3]

Notes of Testimony, October 9, 2007 hearing at 12-17.

Based upon this stipulated record of the facts and the parties' briefs, I determined that (a) Debtors' creditors would suffer no prejudice if this case were dismissed and (b) Debtors met their burden of establishing sufficient cause to justify

---

[2] Although the parties' oral stipulation did not include an allegation regarding the effect on Debtors if the Trustee is permitted to sell the real property in issue, both parties agreed that such a sale would result in Debtors' losing their home as well.

[3] The parties' inclusion of the "financial management program" stipulated fact appears to refer to the "instructional course on personal financial management," described in 11 U.S.C. §111, that a debtor must complete to obtain a chapter 7 discharge. See 11 U.S.C. §727(a)(11). The parties further agreed, however, that Debtors' failure to complete a "financial management program" is not relevant to Debtors' request to withdraw or dismiss their chapter 7 petition. This fact is relevant only to Debtors' ability to obtain a discharge.

voluntary dismissal of their chapter 7 case. I therefore entered my November 6, 2007

Order granting Debtors' Motion.[4]

---

[4] I explained at some length the basis of my decision by stating the following in footnote 2 of my November 6, 2007 Order:

> Bankruptcy judges have discretion to dismiss a debtor's chapter 7 case for cause, after notice and hearing. See In re Aupperle, 352 B.R. 43, 45 (Bankr. D. N.J. 2005); 11 U.S.C. §707(a). Unlike a chapter 13 debtor, however, a chapter 7 debtor does not have an absolute right to voluntarily dismiss his chapter 7 case. Rather, a chapter 7 debtor must first establish "cause" to have his case dismissed. Id. Courts generally consider the following factors when deciding if a debtor has established "cause" sufficient to grant a motion to dismiss a chapter 7 case:
>
> > "(1) Whether all of the creditors have consented;
> > (2) whether the debtor is acting in good faith;
> > (3) whether dismissal would result in a prejudicial delay in payment;
> > (4) whether dismissal would result in a reordering in priorities;
> > (5) whether there is another proceeding through which the payment of claims can be handled; and
> > (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending."
>
> Id. at 46, quoting In re Turpen, 224 B.R. 431, 434 (8th Cir. B.A.P. 2000). As the court recognized in Aupperle, "In its simplest terms, the test turns on whether or not the dismissal is in the best interests of the debtor and the creditors of the estate, (citation omitted), with particular emphasis on whether the dismissal would be prejudicial to creditors." Aupperle, 352 B.R. at 46; see also In re Stephenson, 262 B.R. 871, 874 (Bankr. W.D. Okla. 2001); In re McCullough, 229 B.R. 374, 376 (Bankr. E.D. Va. 1999).
>
> Similarly to the Aupperle case, none of Debtors' creditors object to Debtors' request to dismiss their chapter 7 case; the only party who objects is the Chapter 7 Trustee. In addition, no evidence of any bad faith on the part of Debtors exists on the record before me, and I have no reason to question whether Debtors have exhibited anything other than good faith throughout this case, including their request to dismiss their case. Also, no evidence has been offered to show that dismissal would result in any prejudicial delay in payment to creditors. Moreover, my review of the docket reveals that no objections to discharge, objections to exemptions, or preference actions have been filed. In addition, the parties have stipulated that if this case is dismissed, (i) Debtors do not plan to file a second chapter 7 petition, (ii) creditors will retain all rights afforded them in

state court (creditors have a state court proceeding through which payment of the claims could be handled), and (iii) Debtors are willing to enter into a reasonable plan to repay their debts and will continue to pay all "liened" claims against them. The parties further stipulated that if this case were not dismissed, (i) the Chapter 7 Trustee would seek an order authorizing her to sell the property so that unsecured creditors would receive a dividend and (ii) Debtors and the non-debtor co-owner of the property would lose their homes.

On this record, I find that neither the secured nor the unsecured creditors would be prejudiced by dismissal of this case because, if this case were dismissed and if Debtors default on their debts, both the secured and unsecured creditors could pursue state collection actions. I accept and agree with the analysis adopted by the court in Aupperle which, when confronted with the Chapter 7 Trustee's argument that the case should not be dismissed because a sale by the Chapter 7 Trustee of the debtor's home would result in a dividend to unsecured creditors, stated:

The Trustee fails to note that if the case is dismissed and each creditor obtains a judgment against the debtor, which becomes a lien against her home, each creditor may be satisfied in full from a sale of the home outside of the bankruptcy process. The difference is that the debtor would not receive the exemptions she would be entitled to in bankruptcy, and the Trustee would not receive a commission on the sale.

Aupperle, 362 B.R. at 46-7. Although the record before me is silent on both the fair market value of the property and the amount of secured and unsecured debt owed by Debtors, my analysis does not change. If this case were dismissed and Debtors defaulted on their debts, both the secured and unsecured creditors could pursue state court collection remedies. The secured creditor could pursue foreclosure and the unsecured creditors could obtain judgments against Debtors, after which the unsecured creditors' claims would be paid from the sale of the home to the same extent as if the Chapter 7 Trustee had sold the home, except that Debtors would be unable to take advantage of the exemptions afforded them in a bankruptcy and no commission would be paid to a Chapter 7 Trustee. With fewer costs, perhaps more money would be available to the creditors outside bankruptcy.

Having found that the creditors will not be prejudiced by dismissal of this case, I next decide if Debtors have shown that "cause" exists to dismiss their case. Like the debtor in Aupperle, the cause asserted by Debtors for dismissing their case is the fear that they and the non-debtor co-owner of the property would lose their home if the case were not dismissed and the Chapter 7 Trustee was permitted to pursue her sale of the property. Given all of the facts recited above, including

The Trustee thereafter filed the Motion for Reconsideration presently before me (as well as an appeal of the November 6, 2007 Order). She notes that none of the unsecured creditors listed in Debtors' schedules hold a joint claim against both Debtors and Ms. Steinmetz and will be unable to execute against or sell the jointly held property. Debtors' creditors would therefore be prejudiced, she argues, if my November 6, 2007 Order granting Debtors' Motion To Dismiss this chapter 7 case stands.

The Trustee relies heavily upon Gulf Mortgage and Realty Investments v. Alten, 428 A.2d 978 (Pa. Super. Ct. 1981), to support her position. In Alten the creditor of the husband/debtor executed against bank accounts held jointly in the names of both

---

> that no prejudice will be suffered by Debtors' creditors if this case is dismissed, I find this to be sufficient "cause" under section 707(a) to warrant dismissal of this case.
>
> Finally, I note that the case presently before me is distinguishable from the case relied upon by the Chapter 7 Trustee, In re Hopkins, 261 B.R. 822 (Bankr. E.D. Pa. 2001), to support his opposition to Debtors' dismissal of this case. Unlike the case before me, a creditor in the Hopkins case had filed a complaint objecting both to the debtor's discharge and to the dischargeability of the debt owed to him. The debtor in Hopkins wanted to dismiss her chapter 7 case so that she could file a new chapter 7 petition and discharge debts that she had incurred post-petition during her then extant case. The court in Hopkins denied the debtor's motion to dismiss her chapter 7 case, finding that the debtor's creditors would be prejudiced by the dismissal because the debtor intended to file a new chapter 7 to discharge the post-petition debts that would otherwise have survived her discharge. The facts in Hopkins clearly establish prejudice to creditors; those facts, however, are not similar to the facts before me in this case.
>
> For all of these reasons, I find that no prejudice will be suffered by Debtors' creditors if this case is dismissed and that Debtors have established "cause" to dismiss this case under section 707(a). I therefore grant Debtors' Motion To Dismiss their Chapter 7 case.

In re Strunk, Case No. 07-20758REF, fn. 2 at 1-3 (Bankr. E.D. Pa. November 6, 2007).

the husband and his wife. In its narrow holding, the Pennsylvania Superior Court agreed with the wife's argument that her "constitutionally protected right of procedural due process was violated when her three afore-scheduled accounts were seized without prior notice or hearing." Id. at 980.[5] The Alten case differs significantly in the claims of the parties and the nature of their relationships compared to the claims and parties in the case now before me.

The Trustee argues that the court in Alten determined that a judgment creditor had no right to execute against assets owned jointly by the judgment debtor and a non-debtor third party. To the contrary, the Alten case involved an attempt by a creditor of one spouse to levy against assets owned jointly by both the husband and his wife. Such assets are long presumed under Pennsylvania law to be held as tenants by the entireties. A creditor of one spouse, clearly, may not execute against assets held by both the husband and wife as tenants by the entireties. Napotnik v. Equibank Parkvale Sav. Ass'n, 679 F.2d 316, 319-21 (3d Cir. 1982); Cech v. Maloney (In re Maloney), 146 B.R. 168, 171-72 (Bankr. W.D. Pa. 1992); Garafano v. Trustees of Amalgamated Ins. Fund (In re Garafano), 99 B.R. 624, 634-35 (Bankr. E.D. Pa. 1989). Nor can such a creditor attach a spouse's interest in property held as tenants by the entireties. Klebach v. Mellon Bank, N.A., 565 A.2d 448, 450-451 (Pa. Super. Ct. 1982); Napotnik, supra, 679 F.2d at 319-

---

[5]The creditor attempted to defend its proceeding against the wife by claiming that the accounts had been fraudulently transferred to the wife and it should therefore be permitted to execute against them. The court declared that a court must first determine a fraudulent transfer before a writ of execution could be issued against assets owned by the wife. Id. at 980-81.

321; Lake Erie Leasing, Inc., v. Bundy (In re Bundy), 53 B.R. 582, 586 (Bankr. W.D. Pa. 1985). But no tenants by the entireties issue is before me. The property interest I face is that owned by Debtors and Ms. Steinmetz.

The issue now posited by the Trustee is whether a judgment creditor who is owed money by Debtors, but who is not owed money by Ms. Steinmetz, may execute upon the property held by both Debtors and Ms. Steinmetz as tenants in common. For the reasons that follow, I conclude that such a judgment creditor may execute, under Pennsylvania law, against Debtors' interest in the property, but not against the property itself. I begin by noting the prevailing rule: If two or more persons own undivided interests in a parcel of property, they are presumed to be tenants in common and the interest of one tenant in common is subject to levy and sale for his or her individual debt. See Honorable William Houston Brown, The Law of Debtors and Creditors, §6:82 (Nov. 2007). The Pennsylvania Superior Court repeated this governing principle in Werner v. Quality Service Oil Co., Inc., 486 A.2d 1009 (Pa. Super. Ct. 1984):

> "A tenancy in common is an estate in which there is a unity of possession, but separate and distinct titles ...," quoting 14 P.L.E. Estates in Property §41. Thus, a tenant in common may, without the consent of his co-tenant, sell, convey or dispose of his undivided interest in the property.

Id. at 1012.

In addition (and as a natural consequence), a creditor who is owed a debt by only one of the co-tenant owners of property may obtain a judgment against that co-tenant and may execute upon that co-tenant's interest in the jointly held property. See Cundey v.

Hall, 208 Pa. 761, 762-63 (1904); Foto Craft Corp. v. Pistone, 59 Pa. D. & C.2d 331, 334-35 (Leb. Co. Com. Pl. Nov. 20, 1972); Weir v. Taylor, 45 Pa. D. & C.2d 197, 202 (Ches. Co. Com. Pl. July 17, 1967).

The Trustee now argues in her brief that (a) the state court procedure by which Debtors' creditors would attempt to execute upon Debtors' interest as a co-tenant in the jointly owned property is more cumbersome and complicated than (b) the procedure the Trustee might utilize under Section 363(h) of the Bankruptcy Code to force a sale of the jointly owned property.[6] The Trustee provided nothing to show that her assumption is factually correct. Even if the Trustee's position on this comparison is accurate, however, I nonetheless find, as enunciated herein, that dismissal of this case is in the best interests of both Debtors and their creditors under the facts in this case.

No creditor has objected to Debtors' attempt to dismiss their chapter 7 case; Debtors are acting in good faith; Debtors do not intend to file a second chapter 7 petition; Debtors are willing to enter into a reasonable plan to repay their debts; Debtors will

---

[6]The Trustee did not raise this issue in any way in her brief filed on November 1, 2007, in support of her opposition to Debtors' Motion To Dismiss. Although the decision set forth in my November 6, 2007 Order was made without consideration of this argument, the Trustee's current advance of this argument does not lead me to change or alter my decision: Debtors established cause to dismiss this case; and dismissal is in the best interests of Debtors and their creditors.

Furthermore, the Trustee ignores other state court procedures and devices that will be available to Debtors' creditors – garnishment and levies on personal property being lead among them. These Pennsylvania state action collection remedies would not be available to the creditors if Debtors remained in their bankruptcy.

Finally in this regard, the Trustee has determined that some distribution to creditors would be expected from the sale of the property. But the balance of the creditors' claims would be discharged. The creditors' claims against Debtors in state court are not subject to a discharge outside a bankruptcy.

continue to pay all debts that are presently secured by liens. Debtors and Ms. Steinmetz would lose their home if this case remains in chapter 7 because the Chapter 7 Trustee would sell the property at issue. If this case is dismissed, the creditors will retain all rights afforded to them in state court to collect the debts owed to them by Debtors.

As noted above, I could reasonably assume that the state court procedure for Debtors' creditors to execute on Debtors' interest in the tenants-in-common property might be more cumbersome and complicated than the procedure the Trustee would utilize to force a sale of the jointly held property. But that assumption does not establish sufficient prejudice to justify denial of Debtors' Motion To Dismiss. This is particularly so because Mrs. Steinmetz (a non-debtor) would lose her home if this case remains in chapter 7. It is further so because Debtors' creditors regain certain collection remedies when they are again free to exercise against Debtors without the impediment of an automatic stay. Finally, the creditors could now seek collection of the full amount of their debt without concern for the automatic stay.

In conclusion, the record demonstrates that Debtors have established that cause exists to dismiss their case voluntarily and that dismissal is in the best interests of Debtors and their creditors. For all of these reasons, I deny the Trustee's Motion for Reconsideration and I reaffirm my November 6, 2007 decision granting Debtors' Motion To Dismiss.

Date: May 9, 2008

        An appropriate Order follows.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                              :
REUBEN B. STRUNK                    :      Case No. 07-20758REF
and SHELLY ANN STRUNK,              :      Chapter 7
        Debtors                     :

### O R D E R

AND NOW, this 8th day of May, 2008, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Chapter 7 Trustee's Motion for Reconsideration of my November 6, 2007 Order granting Debtors' Motion To Dismiss this case is hereby DENIED.

IT IS FURTHER ORDERED that I hereby REAFFIRM my November 6, 2007 Order granting Debtors' Motion To Dismiss this case.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

-1-